UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY THOMPSON, CDCR #BL-0487,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>A. RODRIGUEZ, Licensed Vocational Nurse; O. CHIMA, Licensed Vocational Nurse; DOES 1-10, Correctional Institution Employees,<br><br>　　　　　　　　　Defendants. | Case No.: 3:23-cv-00515-RBM-LR<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**[Docs. 1–2]** |

Plaintiff Gary Thompson ("Plaintiff" or "Thompson"), proceeding pro se and incarcerated at California State Prison Substance Abuse Treatment Facility ("SATF") in Corcoran, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., Doc. 1.) Thompson claims two licensed vocational nurses employed at Richard J. Donovan Correctional Facility ("RJD") violated his Eighth Amendment rights on April

23, 2022, by failing to adequately treat his broken finger while he was incarcerated there. (*See id.* at 3–5.) He seeks $2.25 million in general and punitive damages, and demands a jury trial. (*Id.* at 7.)

Thompson has not paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action. Instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. 2.)

## I.      MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the fee is not waived for prisoners. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Thompson has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, as well as a prison certificate authorized by a SATF Accounting Officer. (*See* Doc. 2 at 4–5, 7.) *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Thompson had one deposit of $185.65 to his trust account during the six months prior to filing, but no available balance in his account at the time he filed suit. (*See* Doc. 2 at 5, 7.) Therefore, the Court **GRANTS** Thompson's Motion to Proceed IFP, and declines to assess any initial filing fee because his trust account statements show he "has no means to pay it." *Bruce*, 577 U.S. 84–85. Instead, the Court **DIRECTS** the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward those fees to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2). *See id.*

## II.     INITIAL SCREENING

A.     Standard of Review

Because Thompson is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.      Factual Allegations

After Thompson fought with another RJD inmate on April 23, 2022, he claims his finger was "actively bleeding" and he could not move it. (Compl. at 3.) He was treated by LVN A. Rodriguez in the Program Office after the incident, who laughed, cleaned the blood, and applied a bandage. (*Id.*) Thompson was sent back to his cell, but he alleges to have been "sent back to medical" later the same day because his finger continued to bleed and was swollen. (*Id.* at 4.) Once there, Thompson claims LVN Chima "attempted wound care," but "did not do it correctly," and did not refer him to a doctor or a "higher level of care." (*Id.*)

Thompson alleges he "continuous[ly] complain[ed] to staff," during the three days following his injury, but received no medication, splint, or x-rays. (*Id.* at 3–4.) On April

26, 2022, after his finger "started changing colors and was clearly infected," his finger was x-rayed and splinted, he was prescribed antibiotics and ibuprofen, and was referred for surgery.  (*Id.* at 4.)

C. 42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted).  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

Prison officials act "under color of state law" when providing medical care to prisoners. *See West v. Atkins*, 487 U.S. 42, 49–50 (1988) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").  Therefore, in order to determine whether Thompson has pleaded a plausible claim for relief, the Court need only decide whether the factual allegations in his Complaint are sufficient to show "each Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676, 678.

D. Doe Defendants

First, to the extent Thompson includes "Does 1-10" in the caption of his Complaint, and describes them as "employed by [a] correctional institution r[un] by the State of California," *see* Compl. at 2, but does not include any factual allegations or alleged constitutional violation involving or committed by the Does, he fails to state any plausible claim for relief against them. *See Iqbal*, 556 U.S. at 678.

"A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular

doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019); *see also Keavney v. County of San Diego*, No. 3:19-cv-01947-AJB-BGS, 2020 WL 4192286, at *4–5 (S.D. Cal. 2020) (noting that while Doe pleading is neither authorized nor specifically barred by the Federal Rules, "a complaint using fictitious names for unidentified defendants still requires 'specific facts showing how each particular Doe Defendant violated his rights."). Thompson claims to have complained to unidentified RJD "staff" during the three days following his injury. (*See* Compl. at 3–4.) He does not, however, claim those staff members are the unidentified Does he seeks to sue, nor does he allege any facts to even minimally suggest any Doe caused him harm. "Liability under § 1983 arises only upon a showing of personal participation by the defendant," *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018), and causation is "a required element of a § 1983 claim." *Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).

Because the Court finds Thompson's Complaint fails to explain what each Doe is alleged to have done and lacks facts which plausibly suggest Does 1-10 violated the Constitution, it **DISMISSES** any purported claims against them for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Iqbal*, 556 U.S. at 678; *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

E. <u>Eighth Amendment Claims v. LVNs Rodriguez and Chima</u>

Second, while prisoners are entitled to "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Court finds Thompson's allegations involving LVNs Rodriguez and Chima also fall short of showing he is plausibly entitled to relief. *See Iqbal*, 556 U.S. at 678.

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104)

*overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997; *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Thompson claims he broke his right index finger during a fight with another inmate on April 23, 2022, that a "bone was visible," and that it was "actively bleeding" and swollen. (*See* Compl. at 3–4.) This "factual content" is sufficient to plausibly show his injury constituted a serious medical need. *See Iqbal*, 556 U.S. at 678. "Broken bones in the hand constitute a serious medical need." *Reese v. Carey*, No. CIVS05-2336 GEB KJM P, 2009 WL 650492, at *5 (E.D. Cal. Mar. 12, 2009), *report and recommendation adopted*, No. 2:05CV2336 GEB KJM P, 2009 WL 1324567 (E.D. Cal. May 12, 2009), *aff'd in part, rev'd in part on other grounds and remanded*, 407 F. App'x 101 (9th Cir. 2010) (citing *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998); *Atkins v. Brewer*, 2009 WL 29873 (E.D. Cal. Jan. 5, 2009) ("Plaintiff's allegations that his finger was broken establishes that he had a serious medical need.").

However, in order to plead a viable Eighth Amendment claim for inadequate medical care, Thompson must also allege both LVNs Rodriguez and Chima acted with deliberate indifference in the course of treating his injury on April 23, 2022. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle*, 429 U.S. at 104). "Deliberate indifference is a high legal standard" and is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (citation and internal quotation marks omitted). The prisoner must allege facts sufficient to show "(a) a purposeful act or failure to respond to [his] pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). "Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation." *Norvell v. Roberts*, No. 20-cv-0512 JLS (NLS), 2020 WL 4464454, at *4 (S.D. Cal. Aug. 4, 2020) (citing *Estelle*, 429 U.S. at 105–07); *Wood v. Housewright*, 900 F.2d 1332, 1334

(9th Cir. 1990); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, Thompson admits he was treated twice on the same day he was injured—first by LVN Rodriguez in the Program Office, who "laughed," but nevertheless cleaned and bandaged his finger, and later that same day by LVN Chima after he was "sent back to medical" because his finger "kept bleeding" and had become swollen. (Compl. at 3, 4.) Thompson contends only that Chima "attempted wound care [but] did not do it correctly." (*Id.* at 4.) He faults both Rodriguez and Chima for failing to apply a splint, prescribe medication, authorize an x-ray, or to immediately refer him to a doctor for a "higher level of care." (*Id.* at 3, 4.)

But a difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to support a viable deliberate indifference claim. *Sanchez*, 891 F.2d at 242; *Toguchi*, 391 F.3d at 1058. Essentially, Thompson contends both Rodriguez and Chima should have done more or treated him differently on the day he was injured. But to hold either Rodriguez or Chima liable for violating the Eighth Amendment's prohibition of cruel and unusual punishment, he must plead facts sufficient to plausibly show their course of treatment for his broken finger, *i.e.*, cleaning, bandaging, and subsequent wound care, "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to his health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citations omitted); *Iqbal*, 556 U.S. at 678. He has failed to do so.

Instead, Thompson's claims against both LVNs sound only in negligence. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Ruiz v. Fortune*, No. 1:20-CV-01100-EPG PC, 2021 WL 307560, at *4 (E.D. Cal. Jan. 29, 2021) (finding prison officials' laughter and choice of physical therapy to treat back pain over immediate MRI insufficient to show

deliberate indifference), *report and recommendation adopted,* 2021 WL 949446 (E.D. Cal. Mar. 12, 2021); *see also Gonzalez v. Lam*, 2020 WL 5094835, at *9 (N.D. Cal. Aug. 28, 2020), *aff'd*, 2021 WL 6102093 (9th Cir. Dec. 22, 2021) ("Even if Plaintiff should have received different treatment for his medical needs, a difference of opinion as to the urgency and treatment of his medical needs is insufficient, as a matter of law."); *Ciokewicz v. Harbor*, No. 1:18-CV-00932-SAB PC, 2018 WL 3491682, at *2 (E.D. Cal. July 19, 2018) (finding prison officials' laughter after plaintiff's injury and treatment for a concussion "while not condoned," was insufficient to support a claim of deliberate indifference).

Therefore, the Court finds Thompson's allegations against LVNs Rodriguez and Chima also fail to state a plausible Eighth Amendment claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Iqbal*, 556 U.S. at 678; *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

F.  Leave to Amend

In light of his pro se status, the Court grants Thompson leave to amend his Complaint in order to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.  CONCLUSION

For the reasons discussed, the Court:

1.  **GRANTS** Thompson's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. 2).

2.  **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Thompson's trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST

INCLUDE THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Thompson's Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Thompson 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of the pleading noted. Thompson's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

If Thompson fails to file an Amended Complaint within 45 days, the Court will enter a Final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

DATE: July 7, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE