UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY THOMPSON, CDCR #BL-0487,<br><br>   Plaintiff,<br><br>v.<br><br>A. RODRIGUEZ, Licensed Vocational Nurse; O. CHIMA, Licensed Vocational Nurse; DOES 1–10, Correctional Institution Employees,<br><br>   Defendants. | Case No.: 3:23-cv-00515-RBM-LR<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[Doc. 4]** |

Plaintiff Gary Thompson ("Plaintiff"), incarcerated at California State Prison Substance Abuse Treatment Facility in Corcoran, California, is proceeding pro se and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. After his original Complaint was dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted (Doc. 3), Plaintiff timely filed a First Amended Complaint ("FAC"), which is currently before the Court and subject to the same initial screening. (*See* Doc. 4.)

**OVERVIEW**

In his original Complaint, Plaintiff claimed Defendants Rodriguez and Chima, two licensed vocational nurses ("LVNs") employed at Richard J. Donovan Correctional

1

Facility ("RJD"), violated his Eighth Amendment rights by failing to adequately treat his broken finger. (*See* Doc. 1 at 3–5.)[1]  Specifically, Plaintiff alleged Defendant Rodriguez cleaned and bandaged his finger immediately after he injured it in a fight with another inmate on April 22, 2022, and Defendant Chima later that same day provided "incorrect" wound care after his finger continued to bleed and swell. (*Id.* at 3.)  Plaintiff continued to complain to other unidentified staff over the next three days, and after being diagnosed with an infection on April 26, 2022, was prescribed antibiotics and ibuprofen and referred for surgery after an x-ray confirmed a fracture. (*Id.* at 4.)

In its July 7, 2023 screening order ("Order"), the Court found that while Plaintiff's broken finger constituted a serious medical need, his Complaint failed to include additional facts sufficient to plausibly show any Defendant acted with the deliberate indifference required to support an Eighth Amendment violation. (*See* Doc. 3 at 5–9.)  Plaintiff's Complaint was dismissed in its entirety, but Plaintiff was granted leave to file an amended complaint that cured the deficiencies identified by the Court. (*See id.* at 10.)

Plaintiff's FAC realleges the same Eighth Amendment violations. (*See* Doc. 4 at 1, 4, 5.)  However, Plaintiff no longer includes any Doe Defendants and asserts no factual allegations against anyone other than Defendants Rodriguez and Chima. (*Id.* at 5.)  Plaintiff was warned his FAC would supersede the original Complaint. (*See* Doc. 3 at 10 (citing S.D. Cal. CivLR 15.1 and *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.")).)  Therefore, before it determines whether the claims Plaintiff realleges are now sufficient to state a plausible claim for relief as to Defendants Rodriguez or Chima, the Court first finds that because no Does are named or included as Defendants in Plaintiff's FAC, any

---

[1] Plaintiff also included Does 1–10, described only as "Correctional Institution Employees," as Defendants in the caption of his original Complaint—but he failed to include any factual content explaining the involvement of any of the Does. (*See* Doc. 1 at 1, 2; Doc. 3 at 5–6.)

purported claims involving any party other than Rodriguez or Chima have been waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived if not repled.").

## SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### I.     Legal Standards

Because he remains a prisoner, is proceeding IFP, and seeks redress from employees of a governmental entity, Plaintiff's FAC, like his original Complaint, requires a preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), (b). Under these statutes, the Court must *sua sponte* screen and dismiss a prisoner's complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The court "ha[s] an obligation where

the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citation omitted).

Plaintiff continues to allege Defendants Rodriguez and Chima treated him while employed at RJD as LVNs, and prison officials generally act "under color of state law" when providing medical care to prisoners. *See West v. Atkins*, 487 U.S. 42, 49–50 (1988). Therefore, the Court need only decide whether the factual allegations in Plaintiff's FAC now show that each Defendant, through their "own individual actions, has violated the Constitution," and may be held liable under § 1983 "for the misconduct alleged." *Iqbal*, 556 U.S. at 676, 678.

## III.    Plaintiff's Allegations

To begin, the Court notes while its previous Order apprised Plaintiff of the "high legal standard" required to plead deliberate indifference under the Eighth Amendment, (*see* Doc. 3 at 7 (citing *Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004))), and granted him an opportunity to provide additional "factual content" to support his claims against Defendants Rodriguez and Chima, *see Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007), his FAC contains even fewer factual allegations than his original pleading.

Specifically, Plaintiff realleges that after an altercation with another inmate on April

4

23, 2022, he was initially escorted to a Program Office where he was treated by Defendant Rodriguez. (*See* Doc. 4 at 5.) Plaintiff reported he was in pain, unable to move his finger which was bleeding "excessively," and claimed a bone was visible. (*Id.*) Rodriguez evaluated Plaintiff's hand and "convince[ed] [him] that [he'd] be alright," by saying: "[I]f it[']s white in color, that[']s just fat, not bone." (*Id.*) Rodriguez then cleaned the wound, applied a bandage, and cleared Plaintiff to return to his housing unit despite his protestation that the bandage "was[] [not] sufficient … to stop the active bleeding." (*Id.*) Several hours later, Plaintiff alleges he was re-evaluated by Defendant Chima who treated his wound "in the same ma[nn]er" as Defendant Rodriguez and wrapped his finger in an ace bandage. (*Id.*) "As a result of not being properly treated" by either Defendants Rodriguez or Chima, Plaintiff alleges he continued to "suffer[] pain" and developed an infection over the next three days. (*Id.*)

**IV.   Discussion**

As the Court noted in its previous Order, while prisoners are entitled to "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), a plausible claim for relief under the Eighth Amendment "must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002).

To meet its objective pleading requirements, the Eighth Amendment requires Plaintiff to first allege facts to plausibly show his injury was sufficiently serious, *i.e.,* that the "failure to treat [it] could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff continues to claim he "suffered an open wound fracture on [his] right hand third index finger" after he was involved in a fight with a fellow inmate. (*See* Doc. 4 at 5.) The Court liberally construes these allegations and finds they remain sufficient to show Plaintiff's April 23, 2022 injury constituted a serious medical need. *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds, WMX Techs., Inc. v. Miller,*

104 F.3d 1133, 1136 (9th Cir. 1997). "Broken bones in the hand constitute a serious medical need." *Reese v. Carey*, No. CIV S-05-2336 GEB KJM P, 2009 WL 650492, at *5 (E.D. Cal. Mar. 12, 2009), *report and recommendation adopted*, No. 2:05-cv-2336-GEB-KJM-P, 2009 WL 1324567 (E.D. Cal. May 12, 2009), *aff'd in part, rev'd in part on other grounds and remanded*, 407 F. App'x 101 (9th Cir. 2010), *citing Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998); *Atkins v. Brewer*, No. 1:07-cv-01027-OWW-GSA (PC), 2009 WL 29873, at *4 (E.D. Cal. Jan. 5, 2009) ("Plaintiff's allegations that his finger was broken establishes that he had a serious medical need.").

To adequately meet the Eighth Amendment's subjective requirement however, Plaintiff must also allege both Defendants Rodriguez and Chima acted with deliberate indifference when they provided emergent medical care for his injured finger on April 23, 2022. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle*, 429 U.S. at 104). To plead deliberate indifference, Plaintiff was advised he must include facts in his FAC sufficient to plausibly show that Defendants Rodriguez and Chima's course of treatment for his broken finger, *i.e.*, immediately cleaning and bandaging of his wound to limit bleeding, and later re-wrapping it, was "medically unacceptable under the circumstances," and that both Defendants Rodriguez and Chima individually and knowingly chose this course with a "conscious disregard of an excessive risk" to his health. (*See* Doc. 3 at 8 (citing *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citations omitted); *Iqbal*, 556 U.S. at 678.) He has not.

Instead, Plaintiff continues to claim only that both Defendants Rodriguez and Chima treated him on the same day he was injured by evaluating his injury, cleaning his wound, and wrapping his finger with ace bandages after it continued to bleed. (*See* Doc. 4 at 5.) Because he remained in pain due to the fracture and later developed an infection, Plaintiff faults Defendants Rodriguez and Chima for "failing to provide competent treatment." (*Id.*) He contends "[b]oth LVNs should have understood … the risk of serious infection existed," and that they "failed to take reasonable action." (*Id.*)

However, "[i]f a [prison official] should have been aware of the risk, but was not,

1  then the [official] has not violated the Eighth Amendment, no matter how severe the risk."
2  *Toguchi,* 391 F.3d at 1057 (citations omitted).  As pleaded, Plaintiff's allegations still
3  amount only to a difference of opinion between him and Defendants Rodriguez and Chima
4  regarding the appropriate diagnosis and treatment of a potential finger fracture.  At most,
5  they sound only in negligence, which is insufficient as a matter of law to establish
6  deliberate indifference. (*See* Doc. 3 at 8–9.)  *See Snow v. McDaniel*, 681 F.3d 978, 987
7  (9th Cir. 2012) ("A difference of opinion between a physician and the prisoner—or
8  between medical professionals—concerning what medical care is appropriate does not
9  amount to deliberate indifference.") *overruled in part on other grounds by Peralta v.*
10 *Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); *Hamby*, 821 F.3d at 1097 ("[T]he
11 concept of deliberate indifference requires more than simple negligence and a difference
12 of medical opinion.") (citations omitted); *Estelle*, 429 U.S. at 106 ("[A] complaint that a
13 physician has been negligent in diagnosing or treating a medical condition does not state a
14 valid claim … under the Eighth Amendment.  Medical malpractice does not become a
15 constitutional violation merely because the victim is a prisoner."); *Farmer v. Brennan*, 511
16 U.S. 825, 835 (1994) ("[O]rdinary lack of due care" is insufficient to establish an Eighth
17 Amendment claim); *Spillard v. Young*, Case No. 19-cv-01299-JST, 2022 WL 20468936,
18 at *12 (N.D. Cal. Mar. 9, 2022) (finding defendant's failure to proscribe antibiotic was "at
19 most, negligence" where prisoner's wound "did not clearly present as infected.").

20     For these reasons, the Court finds Plaintiff's FAC must be dismissed *sua sponte* for
21 failing to state an Eighth Amendment claim upon which § 1983 relief can be granted
22 pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Watison* 668 F.3d at
23 1112; *Wilhelm,* 680 F.3d at 1121.

24 **V.    Leave to Amend**

25     Because Plaintiff has previously been given a short and plain statement of his
26 pleading deficiencies, as well as an opportunity to amend his claims to no avail, the Court
27 finds granting further leave to amend would be futile.  *See Gonzalez v. Planned*
28 *Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself,

justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks omitted) (second alteration in original).

## CONCLUSION

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: November 7, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE